By the Court.
Gilbert C. Hanna, one of the defendants in error, brought an action in the court of common pleas of Greene county against plaintiff in error, Tim Haley, and the defendants in error, Kate Setz, Mary Haley, Jim Haley, John Haley, Will Haley and Elizabeth Butt. Judgment was rendered in his favor against the defendants, and the case was appealed to the court of appeals. In that court, upon the hearing of the cause upon the pleadings and the evidence, on March 27, 1914, judgment was again rendered in favor of Hanna against the defendants.
Thereafter, on October 9, 1914, Tim Haley, plaintiff in error, filed a motion in the court of appeals to set aside and vacate the judgment, decree' and final order entered against him, for the reason that he had not been served with summons as a defendant-nor in any other manner brought *50 within the jurisdiction of the court by due process of law. This motion to vacate was submitted to the court upon the evidence and the court stated its conclusions of- fact as follows:
“1. That the return upon the original summons issued for Tim Haley was regular upon its face, showing that Tim Haley was served by the sheriff of Greene county by leaving a true copy of the writ at his usual place of residence.
“2. That Tim Haley was not in fact served with summons, he having no place of residence in Greene county at the date of service.
“3. That various pleadings purporting on their face to be the pleadings of all the defendants, including Tim Haley, were filed in the common pleas court and court of appeals prior to the judgment and decree complained of, and upon which, together with the regular return of service, the plaintiff relied.
“4. That Tim Haley did not authorize anyone to enter his appearance, but had full knowledge of the pendency of the action and of the issuing and return of service regular on its face, and of the proceedings had in said action.
“5. That Tim Haley did not advise the court nor the opposite party of the defect of service upon him, and did not protest nor object to the entering by others of his appearance in the case.”
As its conclusions of law upon these facts the court found that it was the duty of Tim Haley to advise the court and opposite party before judgment of the.defective service, and having failed to *51 do so and not having protested or objected to the entering by others of his appearance, his omission constituted a waiver of the original defect of service. It was ordered that the motion be and the same was overruled.
Plaintiff in error filed his petition. in • error in this court, and defendant in error, Gilbert C. Hanna, filed what purported to be an answer thereto, in which were alleged facts occurring prior to the judgment or order of the court of appeals overruling the motion to vacate. These facts, if relied upon by the defendant in error as supporting the finding in his favor, should have been made a part of the record in the court of appeals. They cannot be brought to the attention of the court by an answer to the petition in error, and the answer therefore is stricken from the files.
In determining whether or not the court of appeals was correct in its conclusions of law on the motion to vacate, we are bound by the conclusions of fact presented by the record. The court found specifically that Tim Haley was not served with summons. While the pleadings on their face purported to be the pleadings of all the defendants, including Tim Haley, it appears affirmatively that he did not authorize anyone to enter his appearance. He had knowledge of the pendency of the action and the issue and return of service regular on its face and of the proceedings had. It further appears that he did not advise the court or the opposite party of the defective service upon him, and did not protest or object to the entering by others of his appearance in the case.
*52 We are of the opinion that the court of appeals erred in its conclusions of law. We cannot agree with the holding that it was the duty of Tim Haley to advise the court or the opposite party before judgment of the defective service, and that, having failed to do so, his omission constituted a waiver of the original defective service. Haley was not brought into court by a summons and no one had authority to enter his appearance or act for him. He had knowledge of the proceedings in court, it is true, but we do not see upon what theory the duty devolved upon him to advise the court or the parties to the proceeding of the defective service. The judgment rendered against him was of no force or effect and the court of appeals erred in refusing to vacate the same.

Judgment of the court of appeals as to Tim Haley reversed and judgment in his favor.

Nici-iols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.